**PUBLIC CITIZEN, Plaintiff,**

v.

**DEPARTMENT OF STATE, Defendant.**

**Civ. A. No. 91–0746 (CRR).**

United States District Court,
District of Columbia.

Jan. 14, 1992.
As Corrected Feb. 28, 1992.

 

Alan B. Morrison, Paul R.Q. Wolfson of Public Citizen Litigation Group and Theresa A. Amato, pro hac vice, of Public Citizen Litigation Group, Washington, D.C., for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., Jay B. Stephens, U.S. Atty., District of Columbia, Leslie H. Southwick, Elizabeth A. Pugh and Jason R. Baron, Dept. of Justice, Washington, D.C., Kathryn Nutt Skipper of U.S. Dept. of State, for defendant.

## ORDER

CHARLES R. RICHEY, District Judge.

On November 27, 1991, and January 10, 1992, the Court reviewed, *in camera*, the documents withheld by the defendant under Exemptions One and Five of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 in the above-captioned action. The Court ordered the *in camera* inspection pursuant to its Memorandum Opinion filed August 27, 1991. Upon thorough examination of the documents, and careful consideration of the applicable law, the submissions of the parties, and the entire record in this case, the Court finds that all but two of the relevant documents were properly withheld under FOIA.

The defendant invoked Exemption One of the FOIA for most of the documents, and Exemption Five of the FOIA for all of the documents. Exemption One allows the withholding of national defense and foreign policy materials which are properly classified. 5 U.S.C. § 552(b)(1). The plaintiff argues that while these documents were properly classified by the government, as a result of the Ambassador's public Congressional testimony on March 20–21, 1991, on many of the issues discussed in the documents, the agency has waived its right to invoke the exemption because the information is in the public domain. The Court is not persuaded by this argument, except with respect to documents six and seven.

A plaintiff asserting a claim of prior disclosure bears the initial burden of pointing to specific information in the public domain that appears to duplicate that

being withheld. *Afshar v. Dept. of State,* 702 F.2d 1125, 1130 (D.C.Cir.1983). Information that is officially acknowledged may be compelled over a valid FOIA exemption. *Id.* For information to be "officially acknowledged", it: (1) must be as specific as the information previously released; (2) it must match the information previously disclosed; and (3) the information must have been made public through an official and documented disclosure. *Fitzgibbon v. CIA,* 911 F.2d 755, 765 (D.C.Cir.1990).

■ Even if the information sought is exactly the same as the information which was acknowledged, courts have recognized that "the very fact that a known datum appears in a certain context or with a certain frequency may itself be information that the government is entitled to withhold." *Afshar* at 1130. Similarly, they have found that general discussions of topics cannot be equated with disclosure of specifics, and that partial disclosure of information does not require complete disclosure. *Salisbury v. U.S.,* 690 F.2d 966, 971 (D.C.Cir.1982), *Military Audit Project v. Casey,* 656 F.2d 724, 752 (D.C.Cir.1981). Although many of the facts contained in the withheld documents have been publicly acknowledged, the defendant has demonstrated, for all documents except six and seven, that the context of the information is different, and the fact that some of the information was revealed does not negate the confidentiality of the documents as they exist. In making this determination, the Court has deferred to the agency's expertise on issues of national security, and finds that their explanations for invoking Exemption One are detailed, reasonable and made in good faith. *See e.g., Military Audit Project* at 738; *King v. Dept. of Justice,* 830 F.2d 210, 217 (D.C.Cir.1987).

■ In addition, the defendant has claimed Exemption Five for all withheld documents. This provision exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party ... in litigation with the agency." 5 U.S.C. § 552(b)(5). Exemption 5 covers the government's executive privilege, which protects the "deliberative or policymaking processes" of government agencies. *Access Reports v. Dept. of Justice,* 926 F.2d 1192, 1194 (D.C.Cir.1991). This privilege is designed to ensure frank discussion of legal and policy issues within the government. *Id.*

■ As to documents 1 through 5 and 14a and 14b, the Court finds that the agency has shown that these documents are both predecisional and deliberative. They contribute to "an ongoing deliberative process within an agency", reflecting the give-and-take leading up to a decision. *See Access Reports* at 1195. The defendant has persuasively shown that disclosure of this information would discourage candid discussion within the agency. *See Dudman Communications Corp. v. Dept. of Air Force,* 815 F.2d 1565, 1567–68 (D.C.Cir. 1987). The Court notes that many of the materials were sent by junior to senior staff or are draft documents prepared prior to final decisions. *Coastal States Gas Corp. v. Dept. of Energy,* 617 F.2d 854, 866 (D.C.Cir.1980), *Lead Indus. Ass'n v. OSHA,* 610 F.2d 70, 86 (D.C.Cir.1979). Although much of the information contained therein is factual, the material includes analysis and interpretation throughout. Its context is clearly deliberative and it is impossible to segregate the facts without revealing the nature of the agency deliberations. *See Skelton v. U.S. Postal Service,* 678 F.2d 35 at 38–9 (5th Cir.1982); *Dudman,* 815 F.2d at 1568. As to the specific rationales for the withholding of the specific documents, the Court has inspected the declarations and affidavits submitted by the defendant and finds that they are detailed, reasonable and consistent with the contents of the documents, except with respect to documents six and seven. The Court incorporates their reasoning for all other documents herein.

■ With regard to documents numbered six and seven, however, the Court is not convinced that Exemptions One and Five were properly invoked. These documents are both memoranda from the Ambassador regarding the Iraqi "transcript"

of her meeting with Saddam Hussein which appeared in the *New York Times.*

As to document six, the Court finds that while this document does relate to foreign affairs in a general sense, to construe any document that has anything to do with foreign affairs as exempt from FOIA would be to go well beyond the scope of Exemption One. The information in this document was publicly acknowledged, and the Court finds that the government has waived Exemption One with respect to it. The defendant has not satisfactorily demonstrated that the different context in which this information appears impacts the national security. Neither does the Court find that Exemption Five is appropriate for this document. Rather, it appears to the Court that the information contained in document six is factual and does not reflect upon the agency's deliberative process. *See Skelton,* 678 F.2d at 38–39.

Regarding document seven, the Court makes the same findings that it has made for document six, above. However, for document seven the Court has some reservations, and believes that the agency may need to make some redactions before releasing it. Further, while the Court is not convinced that Exemption One was properly invoked, it would consider further justifications from the agency on that issue if, after reviewing the document again, the agency still believes that withholding document seven is appropriate.

Accordingly, it is, by the Court, this 14th day of January, 1992,

ORDERED that the defendant's Motion for Summary Judgment shall be, and hereby is, GRANTED in part and DENIED in part; and it is

FURTHER ORDERED that with respect to all documents at issue, with the exception of documents numbered six and seven, the defendant's Motion for Summary Judgment shall be, and hereby is, GRANTED; and it is

FURTHER ORDERED that with respect to document six, the defendant's Motion for Summary Judgment shall be, and hereby is, DENIED, and the defendant is hereby directed to release the document to the plaintiff pursuant to the Freedom of Information Act no later than January 31, 1992; and it is

FURTHER ORDERED that with respect to document seven, the defendant's Motion for Summary Judgment shall be, and hereby is, DENIED, and the defendant is hereby directed to review this document once more. Unless the defendant presents further justifications to the Court as to why this document should be withheld under Exemption One before January 31, 1992, it must make any redactions it deems essential, proper and consistent with this Order under Exemptions One and Five, and release this document to the defendant on that date.