**PUBLIC CITIZEN, Plaintiff,**

**v.**

**DEPARTMENT OF STATE, Defendant.**

**Civ. A. No. 91–0746 (CRR).**

United States District Court,
District of Columbia.

April 7, 1992.

Theresa B. Amato, Alan B. Morrison and Paul R.Q. Wolfson of Public Citizen Litigation Group, Washington, D.C., for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., Jay B. Stephens, U.S. Atty., District of Columbia, John Bates, Asst. U.S. Atty., Leslie H. Southwick, Elizabeth A. Pugh and Jason R. Baron, Dept. of Justice (Kathyrn Nutt Skipper, Dept. of State, of counsel), Washington, D.C., for defendant.

## ORDER

CHARLES R. RICHEY, District Judge.

On January 14, 1992, following *in camera* inspection, this Court ruled on the defendant's Motion for Summary Judgment in the above-captioned case. The Court held that all documents except documents six and seven were properly withheld under Exemptions One and Five of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.* The Court ordered document six released, and allowed the government a

further opportunity to present justification for withholding document seven.[1] *See* 782 F.Supp. 144 Order filed January 14, 1992.

The defendant subsequently filed a Response to the Court and Motion to Reconsider. Pursuant to the Court's invitation, the defendant offered further justifications on the reason document seven had been properly withheld, and in addition, provided further justifications on the reasons that document six had been properly withheld, arguing that the Court committed clear error in finding otherwise. After considering these arguments and those presented by the plaintiff in its opposition, the Court conducted a final *in camera* inspection on April 3, 1992. Upon thorough examination of the documents, and careful consideration of the applicable law, the submissions of the parties, and the entire record in this case, the Court finds that it committed clear error in its prior decision which compels revisitation of the issues. Upon reconsideration, it is clear that documents six and seven, which are both memoranda from the Ambassador regarding the Iraqi "transcript" of her meeting with Saddam Hussein which appeared in the *New York Times*, were both properly withheld under FOIA exemptions One and Five.

 Exemption One of the FOIA allows the withholding of national defense and foreign policy materials which are properly classified. 5 U.S.C. § 552(b)(1). The plaintiff argues that while these documents were properly classified by the government, as a result of the Ambassador's public Congressional testimony on March 20–21, 1991, on many of the issues discussed in the documents, the agency waived its right to invoke the exemption. Information that is officially acknowledged may be compelled over a valid FOIA exemption. *Afshar v. Dep't of State*, 702 F.2d 1125, 1130 (D.C.Cir.1983). For information to be "officially acknowledged" it: (1) must be as specific as the information previously released; (2) it must match the information previously disclosed; and (3) the information must have been made pub-

---

1. On February 11, 1992, the Court approved a stipulated stay of the release of the documents.

lic through an official and documented disclosure. *Fitzgibbon v. CIA*, 911 F.2d 755, 765 (D.C.Cir.1990).

Even if the information sought is exactly the same as the information which was acknowledged, courts have recognized that "the very fact that a known datum appears in a certain context or with a certain frequency may itself be information that the government is entitled to withhold." *Afshar* at 1130. Similarly, they have found that general discussions of topics cannot be equated with disclosure of specifics, and that partial disclosure of information does not require complete disclosure. *Salisbury v. United States*, 690 F.2d 966, 971 (D.C.Cir.1982), *Military Audit Project v. Casey*, 656 F.2d 724, 752 (D.C.Cir.1981).

■ Exemption Five of the FOIA exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party ... in litigation with the agency." 5 U.S.C. § 552(b)(5). Exemption Five covers the government's executive privilege, which protects the "deliberative or policymaking processes" of government agencies. *Access Reports v. Dept. of Justice*, 926 F.2d 1192, 1194 (D.C.Cir.1991). This privilege is designed to encourage " 'frank discussion of legal and policy issues' within the government." *Id., quoting Wolfe v. H.H.S.*, 839 F.2d 768, 773 (D.C.Cir.1988) (en banc).

■ Documents which are both "predecisional" and "deliberative" are protected under Exemption Five. *Access Reports* at 1194. They contribute to "an ongoing deliberative *process* within an agency", reflecting the "give-and-take" leading up to a decision. *Access Reports* at 1195 (emphasis in original) (citations omitted). The "key question" is whether disclosure of the information would discourage candid discussion within the agency. *Id., citing Dudman Communications Corp. v. Dept. of Air Force*, 815 F.2d 1565, 1567–8 (D.C.Cir.1987). Documents moving from junior to senior staff are more likely to be deliberative. *Access Reports* at 1195. Draft documents are usually considered predecisional if related to a particular deliberative process. *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C.Cir.1980), *Lead Indus. Ass'n v. OSHA*, 610 F.2d 70, 86 (D.C.Cir.1979).

The courts have used a rough dividing line between exempt and non-exempt materials under this category: opinions are deliberative; facts are not. *Quarles v. Dep't of Navy*, 893 F.2d 390, 392 (D.C.Cir.1990); *Wolfe*, 839 F.2d at 774. However, this distinction is not useful when the facts themselves reflect the agency's deliberative process. *Id.; Skelton v. U.S. Postal Service*, 678 F.2d 35, 38–39 (5th Cir.1982); *Dudman*, 815 F.2d at 1568. For example, where a document employs specific facts out of a larger group of facts, this act can be deliberative in nature, requiring the distilling of information, and exercise of judgment. *See Lead Indus. Ass'n*, 610 F.2d at 85; *Montrose Chemical Corp. v. Train*, 491 F.2d 63, 68 (D.C.Cir.1974). If the factual information involved is so inextricably connected to the deliberative material that its disclosure will expose the deliberations; that is, if revealing factual information is tantamount to revealing the agency's deliberations, then the facts may be withheld. *Wolfe* at 774; *Skelton* at 38–39.

Applying these general principles to documents six and seven, the Court first must clarify the scope of its January 14, 1992 Order regarding Exemption One. The defendant misconstrues the Order and suggests that the Court challenged whether documents six and seven were properly classified in the first instance, as well as whether Exemption One had been waived through public acknowledgement. The issue of whether the documents were properly classified had not been challenged by the plaintiff, and given the deference owed the government in classifying documents in national security matters, *see, e.g., Taylor v. Dep't of Army*, 684 F.2d 99, 109 (D.C.Cir. 1982), this Court did not challenge the classification. Any language in the order suggesting otherwise was merely dicta. The Court's finding that Exemption One was not applicable to documents six and seven was based solely on its finding of waiver

through public acknowledgement. *See* Order filed January 14, 1992 at 5.

■ However, upon further review of the applicable law and based on the detailed explanation contained in the defendant's *ex parte* affidavits, the Court is satisfied that Exemption One was not in fact waived for either document six or document seven and that its prior ruling was therefore erroneous. Upon reconsideration, the Court recognizes that while certain facts contained in the documents were revealed in the Ambassador's Congressional Testimony, the context in which the information appears is significantly different. *See Afshar v. Dep't of State*, 702 F.2d at 1130. Thus the exemption has not been waived under the strict standard for public acknowledgement set forth in the case law. *See Fitzgibbon v. CIA*, 911 F.2d at 765. Revelation of the information in the context of documents six and seven would jeopardize national security for the reasons set forth in the defendant's *ex parte* declarations, and the Court must defer to the agency's expertise in that regard. *See, e.g., Military Audit Project v. Casey*, 656 F.2d at 738; *King v. Dep't of Justice*, 830 F.2d 210, 217 (D.C.Cir.1987).

■ Upon careful reconsideration, the Court also finds that it erred in its prior determination that Exemption Five did not apply to documents six and seven on the ground that the documents were factual. The Court has reassessed this issue and finds that documents six and seven were both predecisional and deliberative, involving the Ambassador's evaluative judgments regarding the distortions contained in the Iraqi transcript of the meeting and her recommendations regarding how the agency should respond thereto. *See Access Reports* at 1194–95. The Court notes that her suggested strategy was not implemented; thus it was clearly predecisional. The fact that the memoranda were addressed to her superior further support this finding. *See Access Reports* at 1195. Although much of the information contained in the documents is factual, the material includes analysis and interpretation throughout. It would be impossible to segregate the facts

without revealing the nature of the agency deliberations. *See Dudman*, 815 F.2d at 1568. The Court has inspected the declarations and affidavits submitted by the defendant and finds that they are detailed, reasonable and consistent with the contents of the documents. The Court notes that to allow release of these deliberative documents would discourage candid discussion within the agency and, at the same time, reveal aspects of the State Department's deliberations on matters of sensitive diplomacy. Thus the Court finds that documents six and seven were properly withheld under Exemption Five, and that no waiver of that privilege occurred.

For all of the reasons previously stated, the Court shall grant the defendant's Motion for Reconsideration, and shall amend its January 14, 1992 Order to grant the defendant's Motion for Summary Judgment with respect to documents six and seven as well as for all other documents.

Accordingly, it is, by the Court, this 7 day of April, 1992,

ORDERED that the defendant's Motion for Reconsideration shall be, and hereby is, GRANTED; and it is

FURTHER ORDERED that the defendant's Motion for Summary Judgment shall be, and hereby is, GRANTED in its entirety; and it is

FURTHER ORDERED that this Court's Order of January 14, 1992 shall be, and hereby is, AMENDED to reflect that documents six and seven were properly withheld under the Freedom of Information Act, and the defendant is not required to release these documents to the plaintiff.